IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2002

## RICHARD LYNN NORTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3223      Seth Norman, Judge**

---

**No. M2002-00789-CCA-R3-CO - Filed June 24, 2003**

---

The petitioner, Richard Lynn Norton, was convicted in 1989 of aggravated assault and assault. He received an effective sentence of ten years incarceration in the Tennessee Department of Correction. Subsequently, the petitioner filed for habeas corpus relief, contending that the indictment charging him with aggravated assault was defective and therefore his conviction for aggravated assault is void. The trial court denied the petition for habeas corpus relief and the petitioner appealed to this court. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA McGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Richard Lynn Norton, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jon Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I. Factual Background

On May 18, 1989, a Greene County jury found the petitioner guilty of the aggravated assault of Officer Jack Kelley and the assault of Officer Sam Greene.[1] The trial court imposed a sentence of ten years incarceration for the aggravated assault conviction and a concurrent sentence of eleven months and twenty-nine days for the assault conviction. In his brief on appeal, the petitioner stated that his ten year sentence "expired in June of 1996."

---

[1] For a more detailed recitation of the facts underlying the petitioner's convictions, see State v. Richard Lynn Norton, No. 319, 1990 WL 95614, at **1-2 (Tenn. Crim. App. at Knoxville, July 12, 1990).

On February 22, 2002, the petitioner filed in the Davidson County Criminal Court a Petition for a Writ of Habeas Corpus, alleging that the indictment charging him with aggravated assault "does not charge, the offenses of aggravated assault, in that it does not assert the essential element of bodily injury or serious bodily injury." Accordingly, the petitioner asserts, "the judgment, sentence, and v[e]rdict are void on its face." The petitioner contends that the alleged void conviction was used to enhance a sentence imposed on a subsequent conviction for which he remains incarcerated.

The trial court, without a hearing and without the appointment of counsel, denied the petitioner habeas corpus relief, explaining:

> [t]he petitioner alleges that the indictment does not charge the offense of aggravated assault, the conviction and sentence of which we must assume the petitioner is serving, since no copy of the underlying judgment was attached to the petition, in accordance with [Tennessee Code Annotated section] 29-21-107(2). This is not a remedy afforded by means of habeas corpus. The petition is hereby denied.[2]

As a result of the trial court's order, the petitioner attempted to amend his habeas corpus petition to include the judgments underlying his convictions. However, the record before this court does not reflect that the "amendment" was ever received or considered by the trial court. On appeal, the petitioner argues that "[t]he language of the indictment in counts (1) and (2) does not sufficiently charge the offense of aggravated assault."[3]

## II. Analysis

The determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the

---

[2] The trial court correctly admonished the petitioner for failing to include the judgments of conviction with his original petition for habeas corpus relief as required by Tennessee Code Annotated section 29-21-107 (b)(2). We note that a trial court may dismiss a petition for failure to comply with this requirement. See State ex rel. Wood v. Johnson 393 S.W.2d 135, 136 (Tenn. 1965).

[3] The petitioner also raises additional issues on appeal which were not raised in the trial court, and therefore will not be considered by this court.

judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted). Moreover, we note that "[w]ithout question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993).

> In Wyatt, 24 S.W.3d at 322-23 (citations omitted), our supreme court stated:
> Generally, defenses and objections based on a defective indictment
> must be raised prior to trial or they are waived. However, as we have
> previously stated, "[a] valid indictment is an essential jurisdictional
> element, without which there can be no prosecution." Thus, an
> indictment that is so defective as to fail to vest jurisdiction in the trial
> court may be challenged at any stage of the proceedings, including in
> a habeas corpus petition.

Accordingly, if the indictments charging the petitioner were fatally defective, this issue could be raised in a habeas corpus petition. Regardless, the petitioner's complaint is without merit.

The petitioner maintains that the indictments were fatally flawed because they did not allege that he caused serious bodily injury. However, the statute in effect at the time of the offense provided that an accused could be guilty of aggravated assault in a variety of ways. Count one of the indictment against the petitioner charged that the petitioner "unlawfully assault[ed] officer Jack Kelley, while displaying a deadly weapon, to-wit: a pistol contrary to [Tennessee Code Annotated section] 39-2-101(b)(3)." Count two charged the petitioner with the exact same offense against officer Sam Greene. Tennessee Code Annotated section 39-2-101(b)(3) (1987) provided:

> (b) A person is guilty of the offense of aggravated assault, regardless
> of whether the victim is an adult, a child, or the assailant's spouse, if
> such person:
> . . . .
> (3) Assaults another while displaying a deadly weapon or while the
> victim knows such person has a deadly weapon in his possession.

Thus, the indictments charging the petitioner correctly charged the appellant with aggravated assault. This issue is without merit.

### III. Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE