IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## JAMES R.W. REYNOLDS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3544     J. Randall Wyatt, Jr., Judge**

_____

**No. M2004-02254-CCA-R3-HC - Filed March 31, 2005**

_____

The petitioner, James R.W. Reynolds, pled guilty to two counts of aggravated rape and was sentenced to concurrent thirty-five year sentences. Subsequently, the petitioner filed a petition for a writ of habeas corpus, alleging that Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), rendered the 1982 Sentencing Reform Act unconstitutional in general and unconstitutional as applied to him specifically. The habeas corpus court summarily denied the petition for a writ of habeas corpus, and the petitioner appeals. Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**.

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and J.C. MCLIN, JJ., joined.

James R.W. Reynolds, Nashville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Kathy Morante, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The facts in the record before us are sketchy at best. Regardless, we have gleaned some limited facts from this court's opinion relating to the petitioner's previous habeas corpus petitions:

> In April 1985, the petitioner . . . was charged by the Coffee County Grand Jury with two counts of aggravated rape for sexually penetrating his seven-year-old daughter and his six-year-old son in December 1984. On January 23, 1986, he pled guilty in the Circuit

Court of Coffee County to both counts of the indictment and was sentenced as a Range I, standard offender to concurrent terms of thirty-five years on each count, for an effective sentence of thirty-five years in the Department of Correction.

James R.W. Reynolds v. State, No. M2003-00112-CCA-R3-HC, 2004 WL 1293275, at *1 (Tenn. Crim. App. at Nashville, June 8, 2004), perm. to appeal denied, (Tenn. 2004). The petitioner did not file a direct appeal. However, he previously filed two petitions for writs of habeas corpus, both of which were denied. The denials of the petitions were affirmed by this court. Id.

Thereafter, the petitioner filed a third petition for a writ of habeas corpus, alleging that

[t]he Criminal Sentencing Reform Act of 1982, T.C.A. §§ 40-35-101 thru 40-35-504 was unconstitutional at the time of petitioner[']s trial and sentencing and was unconstitutional as applied to the petitioner, in violation of petitioner's right to a jury trial as guaranteed by Article 1, § 6 of the Tennessee Constitution and the Sixth Amendment to the United States Constitution, therefore depriving the trial court of the authority to sentence petitioner beyond the minimum prison term of twenty years.

The petitioner claims that the minium sentence he could have received was twenty years;[1] therefore, when the trial court imposed sentences of thirty-five years after improperly applying enhancement factors that were not found by a jury or admitted by the petitioner, the trial court acted in contravention of Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), rendering his sentences illegal.

The habeas corpus court denied the petition, finding that "the Circuit Court of Coffee County had jurisdiction to sentence the Petitioner. The Court is of the opinion that the Petitioner's sentence was authorized by statute, and its application does not make the Petitioner's sentence void." The petitioner now appeals this ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas

---

[1] See Tenn. Code Ann. § 39-2-603(a)(4)(b) (1986).

corpus relief.  See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired."  Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000).  In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable.  See Taylor, 995 S.W.2d at 83.  "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.'  We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal."  Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

Recently, this court addressed the issue raised by the petitioner in Earl David Crawford v. State, No. M2004-02440-CCA-R3-HC, 2005 WL 354106, at *1 (Tenn. Crim. App. at Nashville, Feb. 15, 2005).  Like the instant case, the defendant in Crawford was convicted in 1986 of aggravated rape, among other offenses, and he was sentenced to life imprisonment.  Id.  Crawford then filed a petition for a writ of habeas corpus, alleging violations of Blakely.  This court determined:

> The Defendant's argument has no merit.  First, the argument fails because even if there was a violation of the Defendant's constitutional right at the time of conviction and sentencing, such violation would render the judgment voidable, and not void, unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the Defendant.  Secondly, the Blakely holding is not to be applied retroactively and is thus inapplicable to the Defendant's case.

Id.  Additionally, in the post-conviction setting, this court has previously held that Blakely does not establish a new watershed rule, and that Blakely does not apply retroactively to cases on collateral appeal.  See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App. at Jackson, Dec. 21, 2004), application for perm. to appeal filed, (Feb. 23, 2005); see also Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App. at Jackson, Jan. 25, 2005).

As such, the petitioner has failed to demonstrate that his convictions or sentences are void.  "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing."  McLaney, 59 S.W.3d at 93.  Therefore, the habeas corpus court did not err in summarily denying the petition.

## III.  Conclusion

Finding no reversible error, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE