IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 11, 2006

## EARL JEROME LEE v. GLEN TURNER, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 05-020037    Joe Walker, Judge**

_____

**No. W2005-01601-CCA-R3-HC  - Filed June 6, 2006**

_____

The petitioner, Earl Jerome Lee, pled guilty to aggravated kidnapping, attempted felony escape, concealing stolen property, and fraudulent use of a credit card, and he received a total effective sentence of forty years incarceration in the Tennessee Department of Correction.  Subsequently, the petitioner filed a petition for a writ of habeas corpus, alleging that the sentences imposed were illegal.  The habeas corpus court dismissed the petition without appointing counsel or conducting an evidentiary hearing.  The petitioner appeals the dismissal.  Upon our review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Earl Jerome Lee, Whiteville, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Elizabeth T. Rice, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On February 5, 1988, the petitioner pled guilty in the Madison County Circuit Court to concealing stolen property valued over $200, count one of indictment number 87-347; fraudulent use of a credit card valued over $200, count two of indictment number 87-347; aggravated kidnapping, count one of indictment number 87-467; and attempted felony escape, count two of indictment number 87-467.  He received sentences of ten years, four years, forty years, and five years, respectively.  The trial court ordered that the sentences be served concurrently.

On May 4, 2005, the petitioner filed in the Hardeman County Circuit Court a petition for a writ of habeas corpus. In his petition, the petitioner stated, "On April 18, 1987, petitioner was arrested and charged with concealing stolen property and credit card fraud . . . , and made bond within hours of his arrest. While on bond, petitioner was arrested on warrant alleging receiving stolen property of a (truck)." The petitioner also stated that on June 14, 1987, he was arrested and charged under indictment 87-467 with aggravated kidnapping and attempted escape. The petitioner maintained that his guilty pleas, which provided for concurrent service of the sentences accompanying the convictions for indictments 87-347 and 87-467, were illegal because he was on bond when he attempted to escape and committed aggravated kidnapping, thereby making consecutive sentencing mandatory under Tennessee Code Annotated section 40-20-111(B) (2002).

The State filed a motion to dismiss, alleging that the record revealed that the petitioner was not on bond when he committed the offenses in indictment 87-467. Specifically, the State argued:

> The petition should be dismissed upon the pleadings. The [petitioner] was in custody when he attempted to escape. The petitioner clearly states that while he at one time did make bond he was rearrested before attempting to escape. It was during this attempted escape that he kidnapped deputies at the jail and thus was not on bond, parole or escape status when new felonies were committed.

The habeas corpus court filed an order granting the State's motion to dismiss. The petitioner now appeals this dismissal.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (citations omitted).

We acknowledge that when the petitioner was sentenced in 1988, Tennessee Code Annotated section 40-20-111(b) (1987) provided:

> In any case in which a defendant commits a felony while such defendant was released on bail in accordance with the provisions of part 1 of chapter 11 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively but shall order that such sentences be served cumulatively.

Thus, if the petitioner committed the felonies in indictment 87-467 while on bail for the offenses in indictment 87-347, the concurrent sentences would be illegal.

Our review of the record reveals that the judgments of conviction reflect that the petitioner committed the offenses underlying indictment 87-347 on April 18, 1987. In a "Petition to Vacate Illegal Sentence" filed on February 18, 2005, the petitioner maintained that he was granted bond the same day he was arrested for the offenses underlying indictment 87-347, and he was rearrested later that same month. In his petition for a writ of habeas corpus, the petitioner asserted that while he was on bond, he was arrested for receiving stolen property. In his brief, he acknowledges that his bond was revoked after he was arrested for receiving stolen property. The judgments of conviction for aggravated kidnapping and attempted escape, the offenses on indictment 87-467, reflect that he committed those offenses on June 14, 1987, after his bond was revoked. Moreover, the petitioner's conviction for attempted felony escape reflects that he was incarcerated on June 14, 1987, the date of that offense. Accordingly, we conclude that the petitioner's assertion that he was on bond at the time he committed the offenses in indictment 87-467 is disingenuous. The petitioner's sentences are not illegal, and he is not entitled to habeas corpus relief.

### III.  Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE