# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### BILLY R. SHELLY v. GLEN TURNER, WARDEN

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 07-02-0251 Joe H. Walker, Judge**

---

**No. W2007-02039-CCA-R3-HC  - Filed February 27, 2008**

---

The Petitioner, Billy R. Shelly, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Billy R. Shelly, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Preston Shipp, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner, Billy R. Shelly, was convicted by a Sullivan County jury of theft of property over $1,000, a class D felony, and sentenced as a range II multiple offender to eight years in the Department of Correction. *See State v. Billy R. Shelly*, No. E2004-00145-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Jul. 29, 2005), *perm. to appeal denied,* (Tenn. Dec. 19, 2005). The Petitioner's conviction and sentence were affirmed on direct appeal. In February 2007, the lower court granted the Petitioner post-conviction relief in the form of a delayed appeal. On delayed appeal, the

1

Petitioner alleged that the lower court erred in admitting certain hearsay statements into evidence during the trial. This Court determined that the Petitioner was not entitled to relief. *See State v. Billy R. Shelly*, No. E2007-00807-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Dec. 19, 2007).

On August 7, 2007, the Petitioner filed a petition for the issuance of the writ of habeas corpus. As grounds for relief, the Petitioner asserted that he was being illegally restrained of his liberty by virtue of a void and/or expired sentence. Specifically, he asserted that "[t]he Petitioner was unlawfully enhanced at sentencing by a judge. Petitioner was entitled to be sentenced by a jury. Petitioner's sentence must be reduced from 8 years to 4 years." The Petitioner's argument is essentially that his sentence was imposed in violation of *Blakey v. Washington* and *Cunningham v. California*. By order entered August 13, 2007, the lower court denied relief, concluding that the issue as to the propriety of his eight year sentence was addressed on direct appeal. The lower court further determined that the Petitioner's sentence had not expired and that the Criminal Court had jurisdiction or authority to sentence the Petitioner to the sentence received. The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State,* 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn.1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State has filed a motion requesting that this Court affirm the lower court's decision. Specifically, the State asserts that neither *Blakely* nor *Cunningham* created a new rule of constitutional law that was entitled to retroactive application to cases on collateral appeal. The State's position is well-taken.

This Court has previously held that neither *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), nor *Cunningham v. California*, 549 U.S. –, 127 S. Ct. 856 (2007),are to be applied retroactively. *See Donald Branch v. State*, No. W2003-03042-CCA-r3-PC (Tenn. Crim. App., at Jackson, Dec. 21, 2004), *perm. to appeal denied*, (Tenn. 2005); *see also Timothy Bowles v. State*, No. M2006-01685-CCA-R3-HC (Tenn. Crim. App., at Nashville, May 1, 2007). Additionally, even if the decisions in *Blakely* and *Cunningham* could be applied retroactively, the judgment would be rendered voidable, not void. As a result, the Petitioner's claim is not cognizable in a Tennessee habeas corpus proceeding. *See Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC (Tenn. Crim. App., at Nashville, Nov. 13, 2007).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20 . Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

**JOHN EVERETT WILLIAMS, JUDGE**

3