*758 ON RETURN TO REMAND
TAYLOR, Presiding Judge.
We remanded this case for resentencing. In our opinion, we said:
“In light of the fact that the appellant waived any failure to comply with the notice requirement, we hold that the recent decisions in Ex parte Glover, 508 So.2d 218 (Ala.1987), and Ex parte Williams, 510 So.2d 135 (Ala.1987), do not prevent the trial court from receiving additional evidence regarding any prior convictions for which the appellant has already received notice.”
We meant to say that the court could consider the convictions of which the accused already had notice, i.e., the Choctaw County convictions. Upon remand, the court did not apply the Choctaw County convictions. Instead, it received judgment entries of five felony convictions from Washington County. The Washington County convictions were not used in the original sentence proceeding. The accused did not have notice of the intent to use the Washington County convictions. As we understand it, Glover and Williams prevent the trial court from receiving additional evidence regarding the Washington County convictions. We are compelled to find, therefore, that it was error to consider those convictions at the second sentence hearing.
Accordingly, this case is due to be, and it is hereby, remanded for a new sentencing hearing to be conducted in accordance with the law as it was at the time of the original sentencing of this defendant. If the original Choctaw County convictions may be proved according to that law, then they may be considered. Because of the rule in Glover and Williams however, no other felony convictions may be considered.
OPINION EXTENDED; REMANDED AS TO SENTENCING.
All the Judges concur.