# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE

## WILLIAM TERRY WYATT v. STATE OF TENNESSEE
### Appeal by permission from the Court of Criminal Appeals
### Criminal Court for Bledsoe County
### No. 10797    Thomas W. Graham, Judge

---

### No. E1998-00097-SC-R11-CO  - Filed July 27, 2000

---

This is an appeal from the judgment of the Bledsoe County Criminal Court, which denied the defendant's petition for habeas corpus relief. The Court of Criminal Appeals affirmed the trial court's denial of the petition, rejecting the defendant's argument that his original indictment, which charged attempted first-degree murder by an "attempt to kill," was insufficient for failing to allege an overt act and thus failed to confer jurisdiction on the trial court. We granted the defendant's application for permission to appeal. We hold that the indictment in this case sufficiently alleges an act as required by the criminal attempt statute in stating that the defendant "did . . . attempt to kill" and that habeas corpus relief was thus properly denied. Accordingly, we affirm the lower courts' judgments.

### Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed

E. RILEY ANDERSON, C.J., delivered the opinion of the court, in which FRANK F. DROWOTA, III ADOLPHO A. BIRCH, JR., WILLIAM M. BARKER, and JANICE M. HOLDER, JJ., joined.

Paula R. Voss, Assistant District Public Defender, Knoxville, Tennessee (On Appeal) and William Terry Wyatt, Pikeville, Tennessee, Pro Se (At Trial) for the appellant, William Terry Wyatt.

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; and Elizabeth B. Marney, Assistant Attorney General, Nashville, Tennessee; and James W. Pope, III, Assistant District Attorney General, Pikeville, Tennessee (At Trial), for the appellee, State of Tennessee.

### OPINION

We granted permission to appeal in this case to consider whether an indictment charging that the defendant did "attempt to kill," sufficiently charges the material elements of criminal attempt to commit first-degree murder. After a review of the record and applicable authorities, we conclude that the indictment in this case sufficiently alleged an act as required by the criminal attempt statute in stating that the defendant "did . . . attempt to kill" and that habeas corpus relief was thus properly denied. Accordingly, we affirm the judgment of the Court of Criminal Appeals.

## BACKGROUND

The defendant, William Terry Wyatt, was originally charged with attempted first-degree murder, especially aggravated kidnapping, aggravated rape, and theft of over one thousand dollars. Pursuant to a plea agreement, he pled guilty to the lesser offenses of attempted second-degree murder and kidnapping. The trial court sentenced him to concurrent sentences of eight and four years, respectively.

He subsequently filed a Petition for Writ of Habeas Corpus in the trial court alleging that the trial court lacked subject matter jurisdiction to sentence him because the count of the indictment alleging attempted first-degree murder was facially defective for failing to allege an overt act. The trial court denied the petition, saying that it was in essence a collateral attack on the sufficiency of the indictment, which is a matter outside the purview of the habeas corpus statute. The trial court stated:

> The writ of habeas corpus is solely for the purpose of testing the legality of the imprisonment and is limited to proceedings to determine either facial deficiencies or imprisonment beyond the period of the sentence imposed. . . . This Court finds nothing facially deficient about the indictment or the judgment. . . . This matter is simply not subject to further review in a habeas corpus proceeding.

A majority of the Court of Criminal Appeals affirmed, reasoning that because the indictment charged a substantive offense, i.e., attempted first-degree murder, the indictment need not allege an overt act.[1] The court further reasoned that, in any event, the language "did . . . attempt to kill" necessarily implied that an overt act was committed.

In a separate opinion, Judge Wade concurred in the judgment but disagreed with the majority that the indictment was sufficient simply by charging the substantive offense of attempted first-degree murder. The concurring opinion reviewed the Court of Criminal Appeals' opinions which have considered the requirements necessary for a sufficient indictment alleging the offense of criminal attempt, and concluded that the language "did . . . attempt to kill" was sufficient to allege an overt act. See Freeman v. Raney, No. 02C01-9807-CC-00202 (Tenn. Crim. App. March 24, 1999) (indictment charging attempted first-degree murder, that the defendant shot at the victim, was

---

[1] In characterizing "attempted first-degree murder" as a substantive offense, the appellate court distinguished Wyatt's indictments from indictments charging criminal conspiracy, which requires an overt act allegation.

found sufficient); Twitty v. Carlton, No. 03C01-9707-CR-00310 (Tenn. Crim. App. Jan. 6, 1999) (indictment charging attempted first-degree murder, that the defendant "did . . . attempt to kill," was found sufficient, with a panel member dissenting because of his view that the indictment insufficiently alleged an act); State v. Christian, No. 03C01-9609-CR-00336 (Tenn. Crim. App. March 23, 1998) (indictment charging attempted first-degree murder, that the defendant stabbed the victim with a deadly weapon, was found sufficient); State v. Mason, No. 01C01-9603-CC-00103 (Tenn. Crim. App. June 6, 1997) (indictment charging attempted first-degree murder, that the defendant "did . . . attempt to kill," was found sufficient); State v. Stampley, No. 02C01-9409-CR-00208 (Tenn. Crim. App. Aug. 16, 1996) (indictment charging attempted first-degree murder, that the defendant "did . . . attempt to kill," was found sufficient); State v. DeMoss, No. 02C01-9406-CC-00127 (Tenn. Crim. App. April 26, 1995) (indictment charging attempted first-degree murder, that the defendant "did . . . attempt to kill," was found sufficient); State v. Battles, No. 02C01-9501-CC-00019 (Tenn. Crim. App. Nov. 29, 1995) (indictment charging attempted aggravated burglary, that the defendant "did attempt to enter . . . without the [owner's] effective consent," was found sufficient).

We granted the defendant's application for permission to appeal this issue of first impression.

## STANDARD OF REVIEW

Because this issue is a question of law, our review is de novo with no presumption of correctness given the lower courts' judgments. E.g., State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).

## HABEAS CORPUS RELIEF

We first address the trial court's conclusion that habeas corpus relief is not available to address a faulty indictment. The right to seek habeas corpus relief is guaranteed by Article I, § 15 of the Tennessee Constitution and governed by Tenn. Code Ann. §§ 29-21-101 et seq. While there is no statute of limitations to bar the filing of a habeas corpus petition, the grounds upon which relief will be granted are limited in nature and scope. Such relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

The defendant has the burden to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal. Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived. Tenn. R. Crim. P. 12(b)(2), (f). However, as we have previously stated, "[a] valid indictment is an essential jurisdictional element, without which there can be no prosecution." Dykes, 978 S.W.2d at 529. Thus, an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus petition. Tenn. R. Crim. P. 12(b)(2); Dykes, 978 S.W.2d

-3-

at 529 ("If the face of the record shows that the court did not have jurisdiction, then the judgment is void.").

In the present case, Wyatt argues that his conviction and sentence are void because his indictment failed to allege an overt act, which is a material element of attempted first-degree murder, and thus failed to clothe the trial court with jurisdiction. Specifically, he argues that the indictment's failure to allege an overt act provided inadequate notice of the charged offense because, at a preliminary hearing, the State's witness testified about numerous acts which may have constituted attempted first-degree murder. He asserts that because the criminal attempt statute contains three separate subsections pursuant to which the State may obtain a conviction, and the last of these subsections allows conviction based upon a "course of conduct," there is a heightened need for factual specificity in an indictment charging the offense of criminal attempt.

The State maintains that this Court has relaxed the strict pleading requirements of the common law and that the Court of Criminal Appeals correctly concluded that Wyatt's indictment is sufficient under this Court's analysis in State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Based upon the facts of this case, we agree.

## THE CRIMINAL ATTEMPT STATUTE

The offense of criminal attempt is codified at Tenn. Code Ann. § 39-12-101 (1997). This section states that:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense:
>
> (1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;
>
> (2) Acts with intent to cause a result that is an element of the offense, and believes the conduct will cause the result without further conduct on the person's part; or
>
> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Id. Accordingly, the criminal attempt statute is divided into three different subsections which describe three different types of proscribed acts, and the State may convict based upon any one of the three.

By its plain language, the offense of criminal attempt is committed when a person, "acting with the kind of culpability otherwise required for the offense," either "engages in action" or "[a]cts" so as to satisfy any one of the three numbered subsections. Tenn. Code Ann. § 39-12-101; see also Tenn. Code Ann. § 39-12-101 Sentencing Comm'n Cmts. ("the offense is basically one of criminal intent coupled with acts that clearly demonstrate the offender's proclivity toward criminality."). We thus agree with the defense that the criminal attempt statute requires that the State prove two material elements: the culpability required for the attempted crime; and an act or acts in furtherance of the attempted crime. Accord, Jackson v. State, 566 So. 2d 757 (Ala. Crim. App. 1987) (rev'd on other grounds); People v. Ramos, 639 P.2d 908 (Cal. 1982) (rev'd on other grounds); People v. Castro, 657 P.2d 932 (Colo. 1983); State v. Sharpe, 491 A.2d 345 (Conn. 1985); Littles v. State, 384 So. 2d 744 (Fla. Dist. Ct. App. 1980); People v. Jones, 405 N.E.2d 343 (Ill. 1979); McGee v. State, 699 N.E.2d 264 (Ind. 1998); State v. Jarman, 445 So. 2d 1184 (La. 1984); State v. Brown, 410 A.2d 1033 (Me. 1980); State v. Earp, 571 A.2d 1227 (Md. 1990); State v. Allen, 514 A.2d 1263 (N.H. 1986); People v. Cadorette, 439 N.E.2d 353 (N.Y. 1982); State v. Flygare, 525 P.2d 181 (Or. Ct. App. 1974); Commonwealth v. Hobson, 604 A.2d 717 (Pa. Super. Ct. 1992); Garcia v. State, 541 S.W.2d 428 (Tex. Crim. App. 1976) (overruled on other grounds); State v. Maestas, 652 P.2d 903 (Utah 1982) (overruled on other grounds); Hargrave v. Commonwealth, 201 S.E.2d 597 (Va. 1974); State v. Hale, 829 P.2d 802 (Wash. Ct. App. 1992); State v. Cartagena, 299 N.W.2d 872 (Wis. 1981). We now consider the sufficiency of Wyatt's indictment.

## WYATT'S INDICTMENT

Wyatt was indicted for attempted first-degree murder. His indictment states in pertinent part:

> that WILLIAM TERRY WYATT on the 7th day of March, 1994, in Cumberland County, Tennessee, and before the finding of this indictment, did unlawfully, intentionally, deliberately and with premeditation attempt to kill Billie Carey in violation of T.C.A. 39-12-101 . . . .

The indictment makes no reference to the attempt statute's numbered subsections nor does it specify a specific act or course of conduct constituting the "attempt to kill."

The Sixth and the Fourteenth Amendments to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee the accused the right to be informed of the nature and cause of the accusation. U.S. Const. amend. 6, 14; Tenn. Const. art. I, § 9; see also Hill, 954 S.W.2d at 727. We have consistently interpreted these constitutional provisions to require that an indictment: 1) provide notice to the accused of the offense charged; 2) provide the court with an adequate ground upon which a proper judgment may be entered; and 3) provide the defendant with protection against double jeopardy. Id.; State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991); State v. Pearce, 7 Tenn. (Peck) 66, 67 (1823); see also Hamling v. United States, 418 U.S. 87, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974).

The form of an indictment is further governed by statute. Tenn. Code Ann. § 40-13-202 (1997). Section 202 requires that an indictment "state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment." Id. "Prolixity" means "[t]he unnecessary and superfluous statement of facts in pleading or in evidence." Black's Law Dictionary 1378 (4th ed. 1951). We consider the sufficiency of Wyatt's indictment with these constitutional and statutory principles in mind.

We conclude that the indictment in this case satisfies these minimum requirements. Clearly Wyatt was placed on notice that he was charged with the intentional, deliberate and premeditated attempt to kill the named victim on a date certain. The indictment was also sufficient to place the trial court on notice that a judgment and sentence for attempted first-degree murder were proper upon conviction. Finally, by expressly stating that the attempt to kill was made against a specific victim on a date certain, the indictment offers Wyatt double jeopardy protection from any future charge of attempted murder against that victim on that date. Though the language "did . . . attempt to kill" is a general description, especially in light of the testimony at the preliminary hearing that Wyatt committed multiple acts against the victim which the State could have relied upon to obtain a verdict, this language alleges an act as required by the criminal attempt statute and was sufficient to notify Wyatt of the accused crime, to confer jurisdiction upon the trial court, and to protect against double jeopardy. Hill, 954 S.W.2d at 727.

Because a defendant may make jurisdictional challenges to an indictment at any stage of the proceeding, Tenn. R. Crim. P. 12(b)(2), we take this opportunity to encourage the State to charge the crime of attempt in such a way that informs the defendant of the precise act or acts against which he is being called upon to defend. For example, it might have been prudent to charge that Wyatt had attempted to kill the victim "by firing several gunshots" or "by hitting the victim about the face and head until she was unconscious." In this case, considering that (1) multiple acts formed the basis of the charge; (2) that there are multiple subsections to the criminal attempt statute; and (3) that Wyatt's indictment failed to specify which subsection under which the State intended to proceed, and further, (4) given the nature of the criminal attempt statute, the defendant would have been well-advised to move for a bill of particulars pursuant to Tenn. R. Crim. P. 7(c). See also State v. Speck, 944 S.W.2d 598, 601 (Tenn. 1997) (holding that the trial judge correctly "found that additional information was necessary to assist the defendant in preparing for trial, and correctly ordered the prosecution to supplement the skeletal charge contained in the indictment."). However, we leave this issue to be resolved by the trial courts, who are best qualified to make these determinations on a case-by-case basis.

## CONCLUSION

After our review of the record and applicable authorities, we are of the opinion that the indictment in this case sufficiently alleges an act as required by the criminal attempt statute in stating that the defendant "did . . . attempt to kill" and that habeas corpus relief was thus properly denied.

Accordingly, we affirm the judgment of the Court of Criminal Appeals. It appearing that the defendant Wyatt is indigent, costs of this appeal are taxed to the State.

_____
E. RILEY ANDERSON, CHIEF JUSTICE