IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 11, 2001

## ANTHONY J. ROBINSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23457     W. Otis Higgs, Judge**

---

### No. W2000-02248-CCA-R3-CO  - Filed May 9, 2001

---

Petitioner was originally convicted by a Shelby County jury of aggravated rape, a Class A felony, and sentenced to thirty-seven years as a Range II offender.  Petitioner now appeals the denial of his petition for writ of habeas corpus in which he alleged his indictment was void.  Upon our review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Anthony J. Robinson, Tiptonville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; Laura E. McMullen, Assistant Attorney General; William L. Gibbons, District Attorney General; and E. Greg Gilluly, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

A Shelby County jury found the petitioner guilty of aggravated rape, and he received a sentence of thirty-seven years as a Range II, multiple offender.  In this appeal, the petitioner contends the trial court erred in denying his petition for writ of habeas corpus.  Specifically, he contends the underlying indictment failed to allege a criminal offense.  We affirm the dismissal.

### BACKGROUND

Petitioner filed a petition for writ of habeas corpus in the Shelby County Criminal Court alleging his 1991 indictment for aggravated rape was void for failure to allege facts constituting the offense.  The trial court treated the petition as a petition for post-conviction relief and summarily dismissed it, finding (1) it was an improper successive petition; (2) it was filed beyond the one year

statute of limitations; and (3) it asserted a claim for relief from legal issues which were previously determined. The petitioner now appeals the dismissal of his petition.

## POST-CONVICTION RELIEF

The trial court treated the petition as one for post-conviction relief. *See* Tenn. Code Ann. § 40-30-205(c) (authorizing such treatment when post-conviction relief is "adequate and appropriate"). Petitioner was incarcerated in Lake County but filed his habeas corpus petition in Shelby County. Ordinarily, habeas corpus petitions must be filed in the court "most convenient in point of distance to the appellant." *See* Tenn. Code Ann. § 29-21-105. This perhaps explains the treatment by the Shelby County Criminal Court. However, the statute also provides that a habeas corpus petition may be filed in another location based upon a "sufficient reason." *Id.* Petitioner alleged in his petition that he was filing in Shelby County because the records pertaining to his conviction and sentence are located in Shelby County, as is the District Attorney who prosecuted his case. The trial court did not address this issue in its order of dismissal.

If treated as a petition for post-conviction relief, the petition was properly dismissed. *See* Tenn. Code Ann. § 40-30-202(a), (c). However, we choose not to resolve this appeal on this procedural issue. We, therefore, will determine whether the petition states an adequate ground for habeas corpus relief.

## HABEAS CORPUS RELIEF

A petition for writ of habeas corpus may be used to contest void judgments which are facially invalid due to the convicting court's lack of jurisdiction or authority to sentence a defendant. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). The petitioner claims that his conviction is facially invalid due to a faulty indictment. A valid indictment is an essential jurisdictional element without which there can be no prosecution. Wyatt v. State, 24 S.W.3d 319, 323 (Tenn. 2000). An indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including by way of a habeas corpus petition. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998).

An indictment should: (1) provide notice to the accused of the offense charged; (2) provide the court with an adequate ground upon which a proper judgment may be entered; and (3) protect against double jeopardy. Wyatt, 24 S.W.3d at 324. Tennessee has greatly relaxed the strict pleading requirements of the common law. Ruff v. State, 978 S.W.2d 95, 100 (Tenn. 1998). An indictment which references the statute defining the offense is generally sufficient. State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000) (citations omitted).

The subject indictment alleged the petitioner "did unlawfully sexually penetrate and cause bodily injury to [the victim], in violation of Tenn. Code Ann. § 39-13-502 . . ." Pursuant to Tenn.

Code Ann. § 39-13-502(a)(2) (1991), "sexual penetration" and "bodily injury" are the two essential elements of the offense. The indictment was sufficient to charge the petitioner with aggravated rape. Petitioner was placed on notice that he was charged with the unlawful sexual penetration of the named victim and caused bodily injury to the named victim on a date certain. The indictment was also sufficient to place the trial court on notice that a judgment and sentence for aggravated rape were proper upon conviction. Finally, by expressly stating that the aggravated rape occurred against a specific victim on a date certain, the indictment offered petitioner double jeopardy protection from any future charge of aggravated rape against the victim on that date. No further factual allegations were necessary. Therefore, we find the petitioner's contention to be without merit.

## CONCLUSION

The petitioner was properly indicted for the offense of aggravated rape, and the trial court's dismissal of the petition is, therefore, affirmed.

_____
JOE G. RILEY, JUDGE