IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 18, 2005

### FRANCIS L. SANSCHARGRIN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Sumner County**
**No. 1129-2004    Jane Wheatcraft, Judge**

———————————

**No. M2005-00304-CCA-R3-HC - Filed August 11, 2005**

———————————

Petitioner, Francis Sanschargrin, filed a *pro se* petition for writ of habeas corpus relief. The trial court dismissed the petition, finding no grounds entitling Petitioner to habeas corpus relief. On appeal, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Francis Sanschargrin, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Lawrence Ray Whitley, District Attorney General; and Sallie Wade Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Although the record on appeal is sparse, according to a copy of a judgment attached to the petition filed in the trial court, Petitioner pled guilty on February 12, 2001, to one count of statutory rape, a class E felony. Petitioner was sentenced to two years, suspended after serving one hundred and eighty days incarceration. The judgment indicates that the sentence was to be served consecutive to "1 [and] 2," although the record does not indicate either the length of the sentences, or the convictions for which they were imposed. In his petition for writ of habeas corpus relief, Petitioner asserted that the 1989 Criminal Sentencing Reform Act was unconstitutional and that his sentences were unconstitutionally enhanced in violation of his right to a jury trial as proscribed by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), rendering his conviction and sentence void. The trial court dismissed the petition, stating its reasons as follows:

1. Petitioner was sentenced by a trial court duly authorized to impose the sentence;

2. That the Criminal Sentencing Reform Act of 1989 is constitutional;

3. That the trial court did not exceed its authority in imposing the sentences as they were at the bottom of the range on two of the three charges and, in fact, it was a guilty plea with an agreed upon sentence;

4. [Petitioner] was placed on probation and subsequently revoked and sent to the penitentiary on December 9, 2002;

5. The sentences have not expired; and

6. [Petitioner] is not being illegally held.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant; or (2) if defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Petitioner's *Blakely* argument is not a claim entitling him to habeas corpus relief. This Court has previously determined that even if a *Blakely* violation occurred at the time of sentencing, such a violation would render the judgment voidable, and not void, unless the face of the record established that the trial court did not have jurisdiction to sentence the petitioner. *See Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 679, at *6 (Tenn. Crim. App., at Nashville, June 30, 2005) (no Tenn. R. App. P. 11 application filed); *Stanley Harvell v. Glen Turner*, No. W2004-02643-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 337, at *4-5 (Tenn. Crim. App., at Jackson, April 12, 2005) (no Tenn. R. App. P. 11 application filed); *Earl David Crawford v. Ricky Bell*, No. M2004-02440-CCA-R3-HC, 2005 Tenn. Crim. App. LEXIS 137, at *2-3 (Tenn. Crim. App., at Nashville, Feb. 15, 2005) (no Tenn. R. App. P. 11 application filed). Additionally, the Tennessee Supreme Court recently held that Tennessee's sentencing scheme does not violate the Sixth Amendment right to a trial by jury and is unaffected by the United State Supreme Court's holding in *Blakely*. *State v. Edwin Gomez and Jonathan S. Londono*, No. M2002-01209-SC-R11-CD, ___ S.W.3d ___, 2005 Tenn. LEXIS 350 (Tenn. April 15, 2005), *petition to rehear denied* (Tenn. May 18, 2005). Furthermore, *Blakely* does not apply retroactively. *See Id.*; *see also Carl Johnson v. State*, No. W2003-02760-CCA-R3-PC, 2005 Tenn. Crim. App. LEXIS 65, at *11-12 (Tenn. Crim. App., at Jackson, Jan. 25, 2005) (no Tenn. R. App. P. 11 application filed); *Donald Branch v. State*, No. W2003-03042-CCA-R3-

PC, 2004 Tenn. Crim. App. LEXIS 1148, at *28 (Tenn. Crim. App., at Jackson, Dec. 21, 2004) (no Tenn. R. App. P. 11 application filed).

Petitioner has failed to establish by a preponderance of the evidence that the judgment is facially invalid or his term of imprisonment has expired. Accordingly, the judgment of the trial court is affirmed.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE