# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## CHAURICE BAGLEY v. STEPHEN DOTSON, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0324 Joe H. Walker, III, Judge**

---

**No. W2008-01310-CCA-R3-HC  -  Filed May 28, 2009**

---

The Petitioner, Chaurice Bagley, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to allege any ground that would render the judgment of conviction void. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. McLIN and CAMILLE R. McMullen, JJ., joined.

Chaurice Bagley, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In February 1999, the Petitioner, Chaurice Bagley, entered guilty pleas in the Shelby County Criminal Court to four counts of aggravated assault, one count of especially aggravated robbery, and one count of facilitation of first degree murder. For these convictions, the trial court imposed a sentence of twenty-five years confinement.

1

On May 22, 2008, the Petitioner, who is confined at the CCA facility at Whiteville, filed a petition for the issuance of the writ of habeas corpus from his convictions and sentences. As grounds for relief, the Petitioner asserted that he was being illegally restrained of his liberty by virtue of a void and illegal sentence. Specifically, he asserted that he was entitled to the presumptive minimum sentence for each offense under the Tennessee Criminal Sentence Reform Act of 1989 and that he entered his guilty pleas without having been advised that he was entitled to the presumptive sentence under Range I. He further asserts that his sentences were imposed in violation of Blakey v. Washington and Cunningham v. California, as the trial judge did not have the legal authority to enhance these sentences absent a jury's findings of fact that enhancement factors existed and required annexation of the element of the crime. By order entered May 29, 2008, the lower court denied relief. Regarding the Petitioner's challenges under Blakely v. Washington and Cunningham v. California, the trial court concluded that even if a petitioner's claim that a sentence was enhanced in violation of his right to a jury trial was true, such defect would render the judgment voidable and not void. The lower court added that Blakely issues are not subject to retroactive application and concluded that the Petitioner had failed to state a cognizable claim for habeas corpus relief. The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. See Hickman v. State, 153 S.W.3d 16, 19 (Tenn. 2004). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State has filed a motion requesting that this Court affirm the lower court's decision. Specifically, the State asserts that the Petitioner's claims are not cognizable in a habeas corpus proceeding.

In Blakely v. Washington, the Supreme Court held that any fact other than that of a prior conviction used to enhance a defendant's sentence must be proven to a jury beyond a reasonable doubt. 542 U.S. 296, 301, 124 S. Ct. 2531, 2536 (2004). This Court has previously held that neither Blakely v. Washington, nor Cunningham v. California, 549 U.S. 270, 127 S. Ct. 856 (2007),are to be applied retroactively. See Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004), perm. to appeal denied, (Tenn. 2005); see also Timothy Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *2 (Tenn. Crim. App., at Nashville, May 1, 2007). Additionally, even if the decisions in Blakely and Cunningham could be applied retroactively, the judgment would be rendered voidable, not void. As a result, the Petitioner's claim is not cognizable in a Tennessee habeas corpus proceeding. See Gary Wallace v. State, No. W2007-01949-CCA-R3-CO, 2008 WL 2687698, at *2 (Tenn. Crim. App., at Jackson, Jul. 2, 2008); Billy Merle Meeks v. Ricky J. Bell, Warden, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., at Nashville, Apr. 7, 2008); Glen Cook v. State, No. W2006-01514-CCA-R3-PC, 2008 WL 821532, at *10 (Tenn. Crim. App., at Jackson, Mar. 27, 2008).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

**ALAN E. GLENN, JUDGE**

3