# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 2, 2010

## EMANUEL OLIVER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 91-11632      Lee V. Coffee, Judge**

**No. W2009-02335-CCA-R3-HC  - Filed September 16, 2010**

The *pro se* petitioner, Emanuel Oliver, appeals from the denial of his petition for habeas corpus relief. He entered a guilty plea to criminal attempt to unlawfully possess a controlled substance, cocaine, with the intent to sell, a Class C felony, in exchange for a four-year sentence to be served at thirty percent in the Shelby County Correction Center. On appeal, he argues that the statute of limitations for prosecution has run and that he should not be held responsible for his plea agreement. After careful review, we affirm the judgment from the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which DAVID H. WELLES and CAMILLE R. MCMULLEN, JJ., joined.

Emanuel Oliver, Terre Haute, Indiana, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William L. Gibbons, District Attorney General; and Lorrie Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The habeas corpus court summarized the procedural history of the case as follows:

> The petitioner entered a guilty plea and was convicted of the offense of Criminal Attempt to Commit a Felony, to wit: Sale of Cocaine and was sentenced to four (4) years in prison on or about December 9, 1992, in Criminal Court Division VII. Judge Arthur T. Bennett delayed the execution of the judgments against the [petitioner] and entered a pre-sentence report for

the purpose of a sentencing hearing to determine the manner of service of this aforementioned sentence. The [petitioner] was ordered to return to court on January 14, 1993. [The petitioner] failed to report to the Tennessee Department of Correction[] as ordered by Judge Bennett to have the pre-sentence investigation report prepared. The trial court issued a bond forfeiture for the arrest of the [petitioner] after the petitioner wilfully failed to report to court as directed on January 14, 2003.[1] [A] final judgment was entered on this bond forfeiture on October 12, 1993. [Ergo], this [petitioner] is a fugitive from justice from the State of Tennessee.

The record is silent as to when the State became aware that the petitioner was taken into custody. At the time of appeal, he was confined in a federal correctional facility in Indiana. He filed a petition for habeas corpus relief on September 17, 2009, alleging that "the State of Tennessee [has] allowed the 'statute of limitation' of 'Five' years to run out on any prosecution that the State may have. . . ." On October 10, 2009, the habeas corpus court denied relief by written order. This appeal followed.

Analysis

The petitioner contends that he should be granted habeas corpus relief but has failed to state a cognizable claim for such relief. Therefore, the summary dismissal of the petition by the trial court is affirmed.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a petitioner; or (2) the petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the conviction addressed therein is void. *Summers v. State*, 212 S.W.3d 251,

---

[1] We assume that this date should be January 14, 1993. As the petitioner was a fugitive, the court would not have directed him to return to court after a decade on the run.

255 (Tenn. 2007); *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The habeas corpus court held that the petitioner failed to state a cognizable claim for habeas corpus relief and summarily dismissed the petition. The court properly found that the petitioner's claims did not support any valid reason for the court to provide relief. The petitioner essentially contends that the court had ample opportunity to discover where he was located because he was arrested several times in Indiana after he fled Tennessee. The petitioner has not demonstrated that the judgment against him was void. In fact, they are facially valid judgments of conviction and establish that the petitioner was properly sentenced and that his sentence has not yet expired. Therefore, he is not entitled to relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE