IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 13, 2010

## DANIEL LIVINGSTON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 09-CR-179     Joe H. Walker, III, Judge**

**No. W2009-02372-CCA-R3-HC  - Filed December 17, 2010**

The *pro se* petitioner, Daniel Livingston, appeals the summary dismissal of his petition for writ of habeas corpus relief.  The petitioner entered a guilty plea to one count of facilitation of sale of a Schedule II controlled substance, a Class D felony, in exchange for a six-year sentence, to be served as a Range I, standard offender at thirty percent.  The court ordered the sentence to be served consecutive to a sentence imposed following a parole violation. On appeal, he argues that his sentence is illegal.  After careful review, we affirm the summary dismissal of the petition for writ of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Daniel Livingston, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner filed his petition for writ of habeas corpus relief on September 24, 2009, and alleged that his sentence was illegal because he was sentenced to six years as a Range I offender.  He argues that he should have been sentenced to between two and four years.  The habeas corpus court summarily dismissed the petition by written order on October 8, 2009, and held that the petitioner agreed to the six-year sentence.  Further, the habeas corpus court concluded that the petitioner had already raised the issue in a previous habeas corpus petition.  The petitioner signed his notice of appeal on November 10, 2009.  The

notice of appeal was not filed until November 16, 2009. The State argues that the appeal should be dismissed because the petitioner failed to file a timely notice of appeal.

Tennessee Rule of Appellate Procedure 4(a) states:

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 will be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice.

The State argues that the petitioner has provided no reason why the interest of justice requires a waiver of the notice requirement. In his reply brief, the petitioner argues that his notice of appeal was timely filed and asserts that his notice was delivered to the mailroom officer at his correctional facility on Monday, November 9, 2009, one day after the last day for filing an appeal, which was Sunday, November 8, 2009. However, his notice of appeal states that he signed the document on "the 10 day of , 2009." His reply brief also contains a statement that the interest of justice warrants a waiver of the notice of appeal but contains no reason for waiver.

The waiver notwithstanding, the trial court correctly denied habeas corpus relief because the petitioner failed to state a cognizable claim for relief. Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 *et seq.* codify the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because: (1) the convicting court was without jurisdiction or authority to sentence a [petitioner]; or (2) the [petitioner's] sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). If the habeas corpus court determines from the petitioner's filings that no cognizable claim for relief has been stated and the petitioner is not entitled to relief, the petition for writ of habeas corpus relief may be summarily dismissed. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

Here, the habeas corpus court correctly dismissed the petition for writ of habeas

corpus because nothing in the petition supports a finding that the petitioner's conviction is void or that the sentence has expired. The petitioner contends that he was illegally sentenced to six years and argues that his sentence should have been limited to four years. However, the petitioner agreed to the sentence of six years, which was within the range for a [petitioner] convicted of a Class D felony. The petitioner has failed to show that the judgment is facially invalid and has not demonstrated that his sentence has expired. Therefore, he is not entitled to relief.

## Conclusion

Based on the foregoing and the record as a whole, we affirm the summary dismissal of the petition for writ of habeas corpus relief.

_____
JOHN EVERETT WILLIAMS, JUDGE