# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## PHILLIP SHANE DUNCAN v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Knox County
### No. 90359     Bob R. McGee, Judge

_____

### No. E2010-01723-CCA-R3-HC - Filed March 24, 2011

_____

The Petitioner, Phillip Shane Duncan, filed a pro se petition for a writ of habeas corpus, arguing that the trial court erred in imposing a sentence of twenty-five years for his second degree murder conviction. The habeas corpus court dismissed the petition, and the Petitioner appealed. The State filed a motion requesting that this court affirm the habeas corpus court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. After review, we conclude that the petition was properly dismissed. Accordingly, the State's motion is granted and the judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., AND D. KELLY THOMAS, JR., JJ., joined.

Albert J. Newman, Jr., Knoxville, Tennessee, for the appellant, Phillip Duncan.

Robert E. Cooper, Jr., Attorney General and Reporter; and Cameron L. Hyder, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 1, 1991, the Petitioner was sentenced to twenty-five years in the Tennessee Department of Correction for his conviction of second degree murder. On appeal, this court affirmed his conviction and sentence. See State v. Phillip Shane Duncan, No. 03C01-9110-CR-334, 1992 WL 158281, at *1 (Tenn. Crim. App. at Knoxville, July 8, 1992).

Subsequently, the Petitioner filed a petition for habeas corpus relief, alleging that the trial court erred when sentencing him for second degree murder, a Class A felony, by starting

at the midpoint of the range instead of at the minimum. The habeas corpus court appointed counsel to assist the Petitioner, and an amended petition was filed. However, the habeas corpus court later dismissed both petitions. On appeal, the Petitioner contests the summary dismissal of his petitions. In response, the State requests affirmance of the habeas corpus court's ruling pursuant to Rule 20.

The determination of whether to grant habeas corpus relief is a question of law which we will review de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

In the Petitioner's appellate brief, his appointed counsel concedes that the Petitioner "has found no [s]tatutory or [c]ase law in opposition to the Habeas Corpus Trial Court ruling." This court's opinion on direct appeal reflects that the trial court found enhancement but no mitigating factors. Duncan, No. 03C01-9110-CR-334, 1992 WL 158281, at *2. At the time the Petitioner was sentenced, our code provided that if there were enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum but within the range. Tenn. Code Ann. § 40-35-210(d). Additionally, a standard Range I offender convicted of a Class A felony was subject to a sentence between fifteen and twenty-five years. Tenn. Code Ann. § 40-35-112(a)(1). Thus, the twenty-five-year sentence imposed was within the range for a Class A felony. Accordingly, we conclude that the Petitioner's sentence is not void and that he is not entitled to habeas corpus relief.

We conclude that the court properly dismissed the Petitioner's habeas corpus petition and therefore grant the State's motion. The judgment of the habeas corpus court is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE