IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2017

**TERRY LEA BUNCH v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. CC-2017-CR-80      Jill Bartee Ayers, Judge**

**_____**

**No. M2017-00246-CCA-R3-PC**

**_____**

Petitioner, Terry Lea Bunch, appeals the summary dismissal of his petition for post-conviction relief for being filed untimely. Petitioner alleged in his petition that defects in the affidavit of complaint rendered his conviction void. Having reviewed the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. ROSS DYER, JJ., joined.

James R. Potter, Clarksville, Tennessee, for the appellant, Terry Lea Bunch.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner pled guilty to driving under the influence ("DUI") second offense and was sentenced to 11 months and 29 days, to be suspended on probation after 45 days of incarceration. The judgment was entered on June 1, 2015.

Petitioner's pro se petition for post-conviction relief has two file stamps of the Montgomery County Circuit Court Clerk. One file stamp is dated December 8, 2016, and the other stamp is dated January 20, 2017. There is a notation on the petition that states, "move to circuit court." In his brief on appeal, Petitioner states that he filed his petition on December 8, 2016, in the Montgomery County General Sessions Court, and the petition was subsequently re-filed in the Montgomery County Circuit Court. On January

23, 2017, the trial court entered a written order summarily dismissing the petition as time-barred.

In his petition, Petitioner alleged that defects in the affidavit of complaint rendered the charging instrument and subsequent conviction void. The affidavit of complaint contains a typewritten statement of the facts surrounding Petitioner's arrest. At the bottom of the typewritten statement, there is a handwritten note that states, "[Defendant] has prior convictions for DUI with his last conviction on 7/12/2013." Petitioner contends that the statement does not conform to the requirements of Tennessee Code Annotated section 5-10-411(b)(2) because it did not "disclose the time, place, and state of his previous DUI conviction."

The State contends that Petitioner has failed to establish any grounds for due process tolling of the statute of limitations and that none of the statutory exceptions that toll the post-conviction one year statute of limitations apply. Therefore, the post-conviction court properly dismissed the petition as untimely.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief "within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final." *Id*. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one[ ]year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id*. If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must summarily dismiss the petition. *Id*. § 40-30-106(b). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." *Bush v. State*, 428 S.W.3d 1, 16 (Tenn. 2014) (citing *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011)).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief: (1) claims based on a final ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the

conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid. T.C.A. §§ 40-30-102(b)(1)-(3).

In addition to the statutory exceptions, our supreme court has held that due process principles may require tolling the statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations" (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. *Id*. at 623-24. To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id*. at 631 (citing *Holland v. Florida*, 560 U.S. 631, 648-49 (2010)).

Petitioner concedes that his petition for post-conviction relief was filed outside of the one year statute of limitations. Petitioner does not argue nor does the record show that any of the statutory exceptions or any of the grounds set out in *Whitehead* apply to his case. Instead, Petitioner asserts generally that the trial court lacked subject matter jurisdiction, and that his challenge "may be raised at any time." This allegation does not satisfy any of the available grounds for due process tolling of the statute of limitations.

Moreover, Petitioner's claim, even if timely, would not entitle him to relief under the Post-Conviction Procedure Act. While both the state and federal constitutions guarantee an accused the right to be informed of the nature and cause of the accusation against him, neither creates a right to a charging instrument free from defect. *See State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (recognizing "that an indictment need not conform to traditionally strict pleading requirements"). To satisfy constitutional requirements, a charging instrument must "'1) provide notice to the accused of the offense charged; 2) provide the court with an adequate ground upon which a proper judgment may be entered; and 3) provide the defendant with protection against double jeopardy.'" *State v. Lindsey*, 208 S.W.3d 432, 438 (Tenn. Crim. App. 2006) (quoting *Wyatt v. State*, 24 S.W.3d 319, 324 (Tenn. 2000)). Petitioner's specific contention – that the charging instrument fails to comply with the requirements for charging an enhanced DUI under Tennessee Code Annotated section 55-10-411(b)(2) – alleges only a statutory violation rather than a constitutional violation. *See Kenneth DeWayne Johnson v. State*, No. M2013-02491-CCA-R3-PC, 2014 WL 3696268, at *3 (Tenn. Crim. App. July 24, 2014) (citing T.C.A. § 40-30-103) (holding that a statutory defect in a charging instrument did not raise a cognizable claim for post-conviction relief), *perm. app. denied* (Tenn. Nov. 19, 2014). Petitioner's guilty plea waived all non-jurisdictional defects in

the charging instrument. *See State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). Petitioner is not entitled to relief.

CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____

THOMAS T. WOODALL, PRESIDING JUDGE