IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 29, 2020

## CHARLES D. JOHNSON v. BERT BOYD, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. CC-19-CR-204  Lisa N. Rice, Judge**

_____

### No. E2020-00144-CCA-R3-HC

_____

The Petitioner, Charles D. Johnson, filed for habeas corpus relief from his convictions of felony murder and especially aggravated robbery and the accompanying total effective sentence of life without the possibility of parole plus twenty-five years.  The Petitioner alleges that the judgments are void because he was never indicted for the offenses of which he was convicted and that the trial court, therefore, did not have jurisdiction to try him or enter any judgment in his case.  The habeas corpus court denied the petition, and the Petitioner appeals.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Charles D. Johnson, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; and Kenneth C. Baldwin, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## I.  Factual Background

On February 18, 1998, the Petitioner pled guilty in the Jackson County Criminal Court to first degree felony murder and especially aggravated robbery.  Charles D. Johnson v. State, No. E2007-02018-CCA-R3-HC, 2008 WL 1875166, at *1 (Tenn. Crim. App. at

Knoxville, Apr. 28, 2008). The trial court imposed consecutive sentences of life without parole and twenty-five years, respectively. Id.

Thereafter, the Petitioner, much aggrieved with his convictions, filed multiple petitions for habeas corpus relief. On February 13, 2006, he filed his first petition in the Morgan County Criminal Court, asserting that "under 28 U.S.C.A. § 2254, his request for records concerning his case ha[d] been improperly denied." However, the Petitioner voluntarily withdrew the petition.

On July 10, 2007, the Petitioner filed a second habeas corpus petition, asserting that "his judgments of convictions [were] void because there [were], according to Petitioner, no supporting records other than uncertified copies of his judgments of conviction." Id. at *3. On appeal, this court noted that the "Petitioner [did] not contend that the convicting court was without jurisdiction or authority to sentence him, or that his sentence of imprisonment has expired." Id. This court concluded that nothing "on the face of the judgments [indicates] that the sentencing court lacked the statutory authority or jurisdiction to render Petitioner's judgments." Id. Accordingly, this court upheld the habeas corpus court's dismissal of the second petition.

On May 6, 2016, in the third petition, the Petitioner alleged "that the trial court was without jurisdiction to issue a judgment or sentence since he was never indicted on the especially aggravated robbery charge." Charles D. Johnson v. State, No. E2018-00112-CCA-R3-HC, 2018 WL 2491619, at *1 (Tenn. Crim. App. at Knoxville, June 1, 2018) (memorandum opinion). On appeal, this court held that

> the Petitioner has failed to show that the trial court lacked jurisdiction over the offense. Nothing in the record, other than the Petitioner's own assertions in his petition, indicates that he was never indicted. The State correctly notes that even if there was no indictment, the Petitioner may have agreed to proceed by criminal information. The judgment is valid on its face. We, therefore, conclude that the habeas corpus court properly dismissed the Petitioner's petition.

Id. at *2.

The Petitioner filed a fourth petition for habeas corpus relief in the federal district court on July 3, 2018. The Petitioner alleged that he was never charged by indictment, presentment, or information prior to entering his guilty pleas. The district court dismissed the petition as time-barred. The district court further held that the Petitioner had waived

any challenge to the indictment by pleading guilty to the crimes for which he was convicted, noting that a valid guilty plea waived all jurisdictional defects in the indictment.

The Petitioner filed the instant petition on November 11, 2019. He alleged that the State never issued a formal written accusation against him in the form of an indictment, presentment, or information; therefore, the court lacked jurisdiction to try him or enter any judgment in his case. The State filed a motion to dismiss the petition, contending that the issue had been addressed in previous habeas corpus proceedings. The State also noted that the Petitioner had signed a "Request for Acceptance of Plea Agreement" which "affirmed that he had 'received a copy of the indictment and discussed it with [his] attorney.'"

The habeas corpus court found that the State's motion was "well taken" and granted its motion to dismiss. On appeal, the Petitioner challenges the habeas corpus court's dismissal of his petition.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the Petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The State asserts that the Petitioner's issue has been addressed previously. We note that in "the Petitioner's third petition for habeas corpus relief, . . . he allege[d] that he was never indicted by a grand jury on the especially aggravated robbery charge." Johnson, No. E2018-00112-CCA-R3-HC, 2018 WL 2491619, at *1. This court concluded that

the Petitioner has failed to show that the trial court lacked jurisdiction over the offense. Nothing in the record, other than the Petitioner's own assertions in his petition, indicates that he was never indicted. The State correctly notes that even if there was no indictment, the Petitioner may have agreed to proceed by criminal information. The judgment is valid on its face.

Id. at *2. In his brief, the Petitioner acknowledges that the instant case is his fifth "attempt at habeas corpus relief asserting this factual allegation," but he contends that all of his previous petitions were dismissed on procedural grounds or because he "did not present the proper argument or allege the necessary facts." The Petitioner also repeatedly contends that he was unable to obtain a copy of the indictments underlying his guilty pleas and asserts that such is proof he was never indicted. However, the Petitioner's argument is unavailing. The State is correct that the instant petition raises the same issue the Petitioner raised in prior petitions and that this court has previously held that the judgment is facially valid.

As we have noted, the record before us contains a copy of the Request for Acceptance of Plea of Guilty, signed by the Petitioner, which provides that the Petitioner "received a copy of the indictment," that he "discussed it with [his] attorney," and that he understood "the nature of the charge(s) against [him] and any defenses that could be raised on [his] behalf." Further, the judgments of conviction reflect that the Petitioner pled guilty to count one of indictment number 97-18 and received a twenty-five-year sentence for his especially aggravated robbery conviction. That sentence was ordered to be served consecutively to the sentence of life without the possibility of parole for his conviction of felony murder, which was count three of "superceding indictment" 98-09. Accordingly, we conclude the record does not support the Petitioner's claim that he was not indicted and that the trial court did not have jurisdiction to convict and sentence him.

### III. Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA MCGEE OGLE, JUDGE

- 4 -