IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 28, 2010

## DOUGLAS MARSHALL MATHIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4207      Steve R. Dozier, Judge**

_____

**No. M2010-00730-CCA-R3-HC - Filed January 19, 2011**

_____

The Petitioner, Douglass Marshall Mathis, filed in the Davidson County Criminal Court a petition for a writ of habeas corpus, seeking relief from his conviction for first degree murder and accompanying life sentence. The habeas corpus court dismissed the petition, finding that the Petitioner's conviction and sentence were not void. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Douglas Marshall Mathis, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

On November 15, 1999, the Petitioner was indicted for first degree murder and second degree murder. Douglas Marshall Mathis v. State, No. M2006-02525-CCA-R3-PC, 2008 WL 1850800, at *1 (Tenn. Crim. App. at Nashville, Apr. 25, 2008). On May 18, 2000, the Petitioner pled guilty to second degree murder in exchange for a sentence of fifteen years, one hundred percent of which was to be served in confinement, and the State's agreement to nolle prosequi the first degree murder count. Id. Thereafter, the Petitioner filed a petition for post-conviction relief, seeking to set aside his guilty plea. Id. At the post-conviction

hearing, the State agreed the Petitioner was entitled to post-conviction relief. Id. The post-conviction court vacated the Petitioner's conviction for second degree murder and set the case for trial. Id. On March 15, 2002, at the conclusion of the new trial, the jury found the appellant guilty of first degree murder, and the Petitioner received a life sentence. Id. at *2. The Petitioner appealed his conviction, which this court affirmed. State v. Douglas Marshall Mathis, No. M2002-02291-CCA-R3-CD, 2004 WL 392710, at *1 (Tenn. Crim. App. at Nashville, Mar. 3, 2004). Thereafter, the Petitioner pursued post-conviction relief, alleging, among other things, that his trial counsel was ineffective. Mathis, No. M2006-02525-CCA-R3-PC, 2008 WL 1850800, at *1. On appeal, this court affirmed the judgment of the post-conviction court denying relief.

Subsequently, the Petitioner filed a petition for a writ of habeas corpus, alleging that his first degree murder conviction and life sentence are illegal because the post-conviction court failed to make the proper finding "that a constitutional violation occurred during the plea proceedings." Therefore, he argues, the post-conviction court was not authorized to vacate his plea and conviction and retry him on the first degree murder charge. Accordingly, the Petitioner maintains that his first degree murder conviction and life sentence are illegal, should be set aside, and his guilty plea to second degree murder with the fifteen-year sentence be reinstated.

The habeas corpus court dismissed the petition without a hearing, finding that

> the petitioner has not demonstrated that his judgment is void or that he is being illegally detained. The petitioner had the opportunity to appeal the grant of his post conviction petition in 2001 if he believed it was invalid but did not. The Court believes he is filing this claim because he did not receive the outcome he had desired in a full and lawful jury trial. The Court finds there is no evidence that the defendant's sentence or judgment are void, illegal or expired.

The Petitioner now appeals, arguing that the habeas corpus court should have granted him relief in the form of vacating his first degree murder conviction and life sentence and reinstating his guilty plea to second degree murder with a fifteen-year sentence. The State maintains that the habeas corpus court correctly dismissed the petition.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will

review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

"Without question, the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Specifically, Tennessee Code Annotated section 29-21-107 provides:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been

adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Further, we note that "[t]he petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition." Summers, 212 S.W.3d at 261. To this end,

[i]n the case of an illegal sentence [or conviction] claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

Id.

In the instant case, the Petitioner did not attach his judgment of conviction for first degree murder nor did he include the post-conviction proceedings during which the post-conviction court set aside his guilty plea and granted him a new trial. Thus, the habeas corpus court's dismissal of the petition could have been supported by this procedural failure alone. We agree with the habeas corpus court that the Petitioner's best, and possibly only, avenue of relief would have been to appeal the 2001 judgment of the post-conviction court, not to wait almost nine years until the new trial he admittedly actively sought produced an unfavorable outcome which he twice appealed unsuccessfully. Therefore, we conclude that the habeas corpus court did not err in dismissing the petition.

### III.  Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.


_____
NORMA McGEE OGLE, JUDGE

-4-