# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## DANNY E. ROGERS v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5337     Robert E. Cupp, Judge**

---

**No. E2011-00686-CCA-R3-HC - Filed September 27, 2011**

---

The petitioner, Danny E. Rogers, filed in the Johnson County Criminal Court a petition for a writ of habeas corpus. The habeas corpus court summarily dismissed the petition, and the petitioner appeals. The State filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. Upon review of the record and the parties' briefs, we conclude that the petition was properly dismissed. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., AND D. KELLY THOMAS, JR., JJ., joined.

Danny E. Rogers, Mountain City, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The record before us reflects that on July 26, 2000, the petitioner was charged with felony murder and especially aggravated robbery. At the October 5, 2000 preliminary hearing, the Meigs County General Sessions Court dismissed the especially aggravated robbery charge but bound over to the Meigs County Grand Jury a charge of second degree murder. On November 27, 2000, the grand jury indicted the petitioner for felony murder and especially aggravated robbery. Thereafter, on May 3, 2004, the petitioner pled guilty to second degree murder and especially aggravated robbery, receiving a total effective sentence of twenty-five years in the Tennessee Department of Correction.

Subsequently, the petitioner filed a pro se petition for a writ of habeas corpus, alleging that the trial court did not have jurisdiction or authority over him because the State failed to properly file a motion to dismiss or vacate the general sessions court's bind-over order. On December 28, 2010, the habeas corpus court denied the petition, finding that the State "has the power to submit any charge dismissed by a General Sessions Court to a Grand Jury for its consideration." Therefore, the court found that the petitioner's judgments of conviction were not facially void. On March 9, 2011, the petitioner filed a notice of appeal, challenging the habeas corpus court's ruling.

Initially, the State argues that the appeal should be dismissed because the notice of appeal was not timely filed. Rule 3(b) of the Tennessee Rules of Appellate Procedure provides that a criminal defendant may appeal to this court following "a final judgment in a . . . habeas corpus . . . proceeding." Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that

> the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice.

Clearly, the petitioner's notice of appeal was filed beyond the thirty-day time limit. However, this court may waive the timely filing. In the interest of justice, we will address the petitioner's concerns.

Generally, the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked

jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The petitioner maintains that at the preliminary hearing, the general sessions court heard proof concerning the charges of felony murder and especially aggravated robbery. The general sessions court found that there was not sufficient proof to establish a charge of felony murder or especially aggravated robbery and bound over only the charge of second degree murder. On appeal, the petitioner contends that before the State could seek an indictment on the charges of felony murder and especially aggravated robbery, the State was required to file a motion to vacate the General Session Court's bind-over order. The petitioner also contends that given the "illegal" nature of the State's submitting the charges to the grand jury, the trial court did not have jurisdiction to convict and sentence the petitioner for felony murder and especially aggravated robbery as indicted by the grand jury.

We note that Tennessee Rule of Criminal Procedure 5.1(c) provides that when "there is not sufficient proof to establish that an offense has been committed or probable cause that the defendant committed it, the magistrate shall discharge the defendant." However, "[t]he discharge of the defendant does not preclude the state from instituting a subsequent prosecution for the same offense." Tenn. R. Crim. P. 5.1(c); see also Waugh v. State, 564 S.W.2d 654, 660 (Tenn. 1978) (stating that when charges are dismissed in general sessions court, the issuance of an indictment by the grand jury constitutes the beginning of a new criminal proceeding against a defendant); State v. Thurman Randolph, No. W2006-00261-CCA-R9-CD, 2006 WL 2993459, at *5 (Tenn. Crim. App. at Jackson, Oct. 20, 2006) (providing that the "subsequent issuance of an indictment by a grand jury marks the beginning of a new criminal proceeding and not the continuation of the prosecution from the preliminary hearing where the charges were dismissed").

Based upon the foregoing law, the habeas corpus court correctly found that the State "has the power to submit any charge dismissed by a General Sessions Court to a Grand Jury for its consideration." We agree and conclude that because the judgments of conviction are not facially void, the petitioner is thereby not entitled to habeas corpus relief. Accordingly, we affirm the judgment of the habeas corpus court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
NORMA McGEE OGLE, JUDGE