IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 6, 2011

## DAVID HEARING v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 11-CR-9583     R. Lee Moore, Jr., Judge**

**No. W2011-01226-CCA-R3-PC  - Filed February 28, 2012**

The petitioner, David Hearing, filed a petition for a writ of habeas corpus, seeking relief from his two convictions of felony murder and the accompanying life sentences.  The habeas corpus court denied relief, and the petitioner appeals.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

David Hearing, Tiptonville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

The petitioner was originally charged with two counts of felony murder, and the State filed notice of intent to seek the death penalty.  See David Hearing v. State, No. E2009-02430-CCA-R3-PC, 2010 WL 3837535, at *1 (Tenn. Crim. App. at Knoxville, Oct. 4, 2010), perm. to appeal denied, (Tenn. 2011).  On September 2, 2005, the petitioner pled guilty to the charged offenses in exchange for concurrent life sentences.  Id.  Within thirty days, the petitioner filed a motion to withdraw his pleas, maintaining that trial counsel "misrepresent[ed] the terms of the plea agreement," especially the length of his sentences.  Id.; see also David Wayne Hearing v. State, No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at *1 (Tenn. Crim. App. at Knoxville, Oct. 24, 2006).  The trial court treated the

motion as a post-conviction petition and denied relief; the petitioner appealed, and this court "remanded to the trial court for consideration of the petitioner's original motion to withdraw his guilty pleas." Hearing, No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at *1.

On remand, the trial court denied the petitioner's motion to withdraw his pleas under Tennessee Rule of Criminal Procedure 32(f). See David Wayne Hearing v. State, No. E2007-00778-CCA-R3-PC, 2008 WL 481781, at *4 (Tenn. Crim. App. at Knoxville, Feb. 22, 2008). The petitioner appealed, and this court affirmed the judgment of the trial court. Id. at *1.

Subsequently, the petitioner filed a petition for post-conviction relief, alleging ineffective assistance of counsel. Among his claims, the petitioner again maintained that he was misinformed about the length of his sentences. The post-conviction court denied relief, and, on appeal, this court affirmed that decision. Hearing, No. E2009-02430-CCA-R3-PC, 2010 WL 3837535, at *1.

Thereafter, the petitioner filed a petition for a writ of habeas corpus in which he essentially reiterated his previous complaints about the length of his sentences and alleged that his judgments of conviction were void on their face. The petitioner specifically stated that on each judgment, a box was checked to reflect that he received a life sentence. However, each judgment additionally provided that the length of the sentence was fifty-one years. The petitioner argued that the trial court did not have the authority to impose a sentence of fifty-one years for a conviction for felony murder because Tennessee Code Annotated section 40-35-501(i)(2) provides that a life sentence is sixty years to be served at one hundred percent. Copies of the petitioner's judgments of conviction were attached to his habeas corpus petition; however, the bottom portion of the judgments, which contained the special conditions section, was omitted from each copy.

The habeas corpus court denied the petition, finding that Tennessee Code Annotated section 40-35-501(i)(2) states that while there is no release eligibility for a person convicted of felony murder, the sentence may be reduced by up to fifteen percent for sentencing credits earned. The habeas corpus court noted that "[a] fifteen percent (15%) reduction in the sentence for sentence credits would be a total of fifty-one (51) years." The court said, "The judgment states clearly that the sentence is a life sentence[;] whether or not it is actually fifty-one (51) or sixty (60) years or less would depend on the petitioner's conduct while in prison. Although the sentences may be voidable, they are not void on their face."

Thereafter, the petitioner filed a "Motion For Relief From Judgment," requesting relief "from the order dismissing his habeas corpus petition." To this motion, the petitioner attached complete copies of the judgments of conviction as well as his written plea

agreement. The habeas corpus court denied this motion, upholding its earlier denial of habeas corpus relief. Moreover, the post-conviction court noted

> that the term of sentence shown on the negotiated plea agreement is "life with possibility of parole." It is clear that the agreement at the time of the plea was entered was that the petitioner would receive life sentences with the possibility of parole whether that be fifty-one (51) or sixty (60) years.

On appeal, the petitioner challenges the denial of habeas corpus relief, arguing that his judgments are facially void because they "simultaneously contain markings in the sentence length sections which are both logically and statutorily irreconcilable (i.e. life . . . and 51 years)."

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101 (2000). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

As the habeas corpus court found, the petitioner's plea agreement and his judgments provide that the petitioner received concurrent life sentences for his convictions of felony murder. Although the judgments also contain markings indicating that the length of the sentences is fifty-one years, the habeas corpus court correctly noted that "[t]he judgment

states clearly that the sentence is a life sentence[;] whether or not it is actually fifty-one (51) or sixty (60) years or less would depend on the petitioner's conduct while in prison." Because the bargained-for life sentence is a valid sentence for the petitioner's felony murder conviction, the reference to a sentence length of fifty-one years is superfluous, a clerical error that does not entitle the petitioner to habeas corpus relief. <u>See</u> <u>Stephen Lajuan Beasley v. State</u>, No. E2005-00367-CCA-MR3-HC, 2005 WL 3533265, at *3 (Tenn. Crim. App. at Knoxville, Dec. 27, 2005). Therefore, we, like the habeas corpus court, conclude that the petitioner's judgments are not facially void.

### III. Conclusion

In sum, we conclude that the habeas corpus court did not err in denying the petitioner habeas corpus relief. Accordingly, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE