IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2013

## THOMAS W. FARR v. TONY HOWERTON, WARDEN AND STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 2012-CR-150     E. Eugene Eblen, Judge**

_____

**No. E2013-00171-CCA-R3-HC - Filed June 17, 2013**

_____

The Petitioner, Thomas W. Farr, appeals the Morgan County Criminal Court's summary dismissal of his pro se petition for a writ of habeas corpus, arguing that his effective thirty-eight-year sentence is void. Upon review of the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Thomas W. Farr, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; and Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

The record reflects that in 2001, the Petitioner pled guilty to one count of second degree murder as a lesser-included offense of first degree murder and two counts of solicitation to commit first degree murder. The convictions related to the death of his ex-wife, whose body was found in a wooded area of Brentwood in October 1998. Pursuant to the plea agreement, the Petitioner received sentences of thirty years as a Range II, violent offender for the murder conviction and eight years as a Range I, standard offender for each solicitation conviction. The eight-year sentences were to be served concurrently with each

other but consecutively to the thirty-year sentence for a total effective sentence of thirty-eight years. Subsequently, the Petitioner filed a petition for post-conviction relief, claiming that he received the ineffective assistance of counsel and that he did not plead guilty knowingly and voluntarily. This court affirmed the post-conviction court's denial of the petition. Thomas William Farr v. State, No. M2003-00480-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 365, at *11 (Nashville, Apr. 14, 2004).

On October 18, 2012, the Petitioner filed a pro se petition for a writ of habeas corpus, claiming that his effective sentence was void because he could not agree to be sentenced outside his normal range for second degree murder; that he was required to be sentenced to the statutory presumptive minimum sentence of fifteen years for the murder conviction pursuant to Blakely v. Washington, 542 U.S. 296 (2004); and that the trial court could not order consecutive sentencing. On November 8, 2012, the habeas corpus court summarily dismissed the petition. On January 3, 2013, the Petitioner filed a notice of appeal.

## II. Analysis

The Petitioner maintains that his effective thirty-eight-year sentence is void because the trial court could not sentence him outside the range of fifteen to twenty-five years for a Range I, standard offender convicted of second degree murder, a Class A felony; could not sentence him to more than the statutory presumptive minimum sentence within the range pursuant to Blakely; and could not order consecutive sentencing. The State argues that he is not entitled to habeas corpus relief. We agree with the State.

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101.

Initially, we note that the State contends we should dismiss the appeal because the appellant's notice of appeal was untimely. Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and

received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" In the instant case, the habeas corpus court's order denying relief was filed on November 8, 2012. The time for filing the notice of appeal expired on December 8, 2012. Therefore, the notice of appeal filed by the appellant on January 3, 2013, was untimely. Regardless, Rule 4 provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). We have chosen to waive the timely filing to address the Petitioner's concerns.

Regarding the Petitioner's claim that the trial court could not sentence him outside his normal range, "a plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d 776, 779 (Tenn. 2007). Because the Petitioner's thirty-year sentence for second degree murder did not exceed the maximum punishment statutorily authorized for that offense, he is not entitled to habeas corpus relief. As to the Petitioner's claim that the trial court was required to sentence him to the statutory presumptive minimum sentence in the range pursuant to Blakely, the Petitioner's sentences were the result of guilty pleas, nullifying any potential Blakely error. See Keith T. Perry v. Glen Turner, Warden, No. W2007-01176-CCA-R3-HC, 2008 Tenn. Crim. App. LEXIS 35, *4 (Jackson, Jan. 22, 2008). Moreover, this court has stated repeatedly that Blakely does not apply retroactively to cases on collateral appeal. See Timothy R. Bowles v. State, No. M2006-01685-CCA-R3-HC, 2007 Tenn. Crim. App. LEXIS 355, at **7-8 (Nashville, May 1, 2007); James C. Johnson v. Tony Parker, Warden, No. W2005-01570-CCA-R3-HC, 2006 Tenn. Crim. App. LEXIS 362, at *8 (Jackson, May 2, 2006). Regarding the Petitioner's contention that the trial court could not order consecutive sentencing, the Petitioner does not explain why consecutive sentencing was improper in this case. To the extent he is claiming that the imposition of consecutive sentencing violates Blakely, the United States Supreme Court and our supreme court have held that Blakely does not impact consecutive sentencing. Oregon v. Ice, 555 U.S. 160, (2009); State v. Allen, 259 S.W.3d 671, 689-90 (Tenn. 2008). Therefore, the habeas corpus court did not err by summarily dismissing the Petitioner's petition for a writ of habeas corpus.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the habeas corpus court.

_____
NORMA McGEE OGLE, JUDGE