IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2014

**SEDRICK WILLIAMS v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6693      Joe H. Walker, III, Judge**

_____

**No. W2013-02401-CCA-R3-HC  - Filed April 9, 2014**

_____

The Petitioner, Sedrick Williams, appeals the Lauderdale County Circuit Court's dismissal of his petition for habeas corpus relief from his conviction of first degree premeditated murder and resulting life sentence.  On appeal, the Petitioner contends that his judgment of conviction is facially void because it fails to reflect that he is to serve 100% of the sentence. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Sedrick Williams, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilbur, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On April 24, 2002, a Knox County Criminal Court Jury convicted the Petitioner of first degree premeditated murder and attempted first premeditated degree murder, a Class A felony, and the trial court sentenced him to concurrent sentences of life and twenty-five years, respectively.  This court affirmed the Petitioner's convictions.  See State v. Sedrick

Williams, No. E2003-00659-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 191 (Knoxville, Mar. 1, 2004), perm. to appeal denied, (Tenn. 2004). On August 15, 2013, the Petitioner filed a pro se petition for writ of habeas corpus in the Lauderdale County Circuit Court, alleging that his judgment of conviction for first degree murder was facially void because it did not reflect that he had been sentenced as a "100% violent offender," and, therefore, that his sentence was illegal. On August, 23, 2013, the habeas corpus court summarily dismissed the petition.

## II. Analysis

The Petitioner maintains that he is entitled to habeas corpus relief because his judgment of conviction does not show that he is to serve 100% of his sentence. Generally, the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

Initially, we note that the State claims we should dismiss this appeal because the Petitioner's notice of appeal was untimely. Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" The habeas corpus court filed its order summarily dismissing the petition on August 23, 2013, but the Petitioner did not mail and file his notice of appeal until October 2013. Therefore, the notice of appeal was untimely. Regardless, Rule 4 states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The Petitioner has requested that we waive the timely filing requirement, and we have chosen to do so to

address his concerns.

The Petitioner's judgment form for first degree murder shows that he was convicted of the offense and sentenced to life imprisonment. In the area of the judgment form pertaining to release eligibility, the trial court did not check the box for "Violent 100%." The Petitioner argues that the trial court's failure to check the box renders the judgment void. We disagree with the Petitioner.

The Petitioner committed the offenses on October 10, 1997. Tennessee Code Annotated section 40-35-501(i)(1) provides that "[t]here shall be no release eligibility for a person committing an offense, on or after July 1, 1995, that is enumerated in subdivision (i)(2)." One of the offenses enumerated in subdivision (i)(2) is first degree murder. Tenn. Code Ann. § 40-35-501(i)(2)(A). The release eligibility section of the Petitioner's judgment form lists the numerous relief eligibilities and their percentages pursuant to the Sentence Reform Act of 1989, including "Violent 100%." The section also provides for "1st Degree murder," for which no specific percentage is mentioned. We note that the section for release eligibility under the 1989 Act provides for "Release Eligibility (Check one) (Other than 1st degree murder)." The trial court did not check the box for "Violent 100%" under that section. Instead, the trial court checked the release eligibility box for "1st Degree Murder." Nothing on the Petitioner's judgment form is in direct contravention of the relevant statutes. Therefore, the sentence of life imprisonment was not imposed in contravention of statutory law and is not void, and the Petitioner is not entitled to habeas corpus relief.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the habeas corpus court's denial of the petition.

_____
NORMA McGEE OGLE, JUDGE