
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2017

## DAVID HEARING v. CHERRY LINDAMOOD, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15894      Robert L. Jones, Judge**

_____

### No. M2016-02114-CCA-R3-HC

_____

The Petitioner, David Hearing, filed a petition for a writ of habeas corpus, alleging that his concurrent sentences of life for his two convictions of felony murder were illegal and void. The habeas corpus court dismissed the petition upon finding that the issue had been raised and addressed in prior pleadings. On appeal, the Petitioner challenges the habeas corpus court's ruling. Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

David Wayne Hearing, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; and Brent A. Cooper, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### I. Factual Background

In 2005, the Petitioner pled guilty to the first degree felony murders of Ance "Pete" Pratt and his wife, Rebecca Pratt during the aggravated burglary of the Pratts' home. See David Hearing v. State, No. E2009-02430-CCA-R3-PC, 2010 WL 3837535, at *1 (Tenn. Crim. App. at Knoxville, Oct. 4, 2010). The Petitioner's plea agreement provided that he would receive concurrent sentences of "life with [the] possibility of parole." At the guilty plea hearing, the trial court explained that the Petitioner would have to serve "at least a fifty-one year . . . term of imprisonment before [he could] be

considered for parole[.]" The Petitioner said that he understood the terms and accepted the plea agreement.

Since his guilty pleas, the Petitioner has pursued numerous avenues of relief. First, he filed a motion to withdraw his pleas, which the trial court denied, and this court affirmed the denial on appeal. See David Wayne Hearing v. State, No. E2007-00778-CCA-R3-PC, 2008 WL 481781, at *1 (Tenn. Crim. App. at Knoxville, Feb. 22, 2008); David Wayne Hearing v. State, No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at *1 (Tenn. Crim. App. at Knoxville, Dec. 28, 2006). Next, the Petitioner pursued post-conviction relief, arguing in part that his trial counsel was ineffective by misrepresenting the terms of the sentences; the post-conviction court denied the petition, and this court affirmed the denial on appeal. Hearing, 2010 WL 3837535, at *1. Subsequently, the Petitioner filed a petition for habeas corpus relief, alleging that the judgments of conviction were void because each judgment provided that the Petitioner had a life sentence but also provided that the sentence was fifty-one years. David Hearing v. David Mills, Warden, No. W2011-01226-CCA-R3-PC, 2012 WL 12931580, at *1 (Tenn. Crim. App. at Jackson, Feb. 28, 2012). The habeas corpus court held that the Petitioner's sentences were not illegal and void and denied the petition, and this court affirmed the decision on appeal. Id.

Thereafter, the Petitioner filed an untimely petition for a writ of error coram nobis, see David Hearing v. State, No. E2013-00640-CCA-R3-ECN, 2014 WL 2547780, at *1 (Tenn. Crim. App. at Knoxville, June 3, 2014), followed by two successive petitions to correct his "illegal sentence[s]" pursuant to Tennessee Rule of Criminal Procedure 36.1, see State v. David Wayne Hearing, No. E2015-00173-CCA-R3-CD, 2015 WL 4710393, at *1 (Tenn. Crim. App. at Knoxville, Aug. 7, 2015), perm. to appeal denied, (Tenn., Dec. 10, 2015); State v. David Wayne Hearing, No. E2014-01908-CCA-R3-CD, 2015 WL 2128600, at *1 (Tenn. Crim. App. at Knoxville, May 6, 2015), perm. to appeal denied, (Tenn., Oct. 16, 2015) (designated not for citation). In each petition to correct the sentences, the Petitioner contended that his sentences were illegal because he negotiated sentences of life with the possibility of parole but his judgments of conviction reflected that he received sentences of life. The trial court held that the Petitioner's life sentences were not void and illegal, and this court upheld the trial court's rulings. Hearing, 2015 WL 2128600, at *3.

Afterwards, the Petitioner filed the instant petition for a writ of habeas corpus, in which he again challenged his sentences. The Petitioner argued that the trial court did not have the authority to sentence him to life with the possibility of parole for his felony murder convictions; therefore, his judgments were void. The Petitioner further argued that the sentences of life with the possibility of parole were material elements of his guilty pleas and that he was therefore entitled to relief. The State filed a motion to dismiss the petition, contending that the Petitioner's sentences were not illegal and void.

The habeas corpus court granted the State's motion, finding that "the Petitioner's two concurrent life sentences are not illegal as previously determined by two courts of competent jurisdiction and as reflected in the judgments[.]" On appeal, the Petitioner challenges the habeas corpus court's ruling.

## II. Analysis

Initially, we note that the determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The Petitioner argues that the habeas corpus court erred by holding that the issue regarding the validity of his sentences had been determined previously, arguing that this court had decided his various appeals on inconsistent bases. This court has repeatedly and consistently held that the Petitioner's plea agreement provided for a life sentence, which meant that he would be required to serve a minimum of fifty-one years in confinement before becoming eligible for release. See Hearing, 2015 WL 2128600, at *1-2; Hearing, 2012 WL 12931580, at *1-2; Hearing, 2008 WL 481781, at *2-3. This court has explained that

> "the phrase 'life with parole' is inaccurate because a
> defendant sentenced to life is entitled 'to be released, as
> opposed to being paroled, after serving 100 percent of sixty
> years less any eligible credits so long as they do not operate
> to reduce the sentence by more than 15 percent, or nine

- 3 -

years,' see [Kermit Penley v. State], No. E2003-00129-CCA-R3-PC, [2004 WL 2439287, at *3] (Tenn. Crim. App., Knoxville, Nov. 1, 2004)[. Nevertheless, the] use of the term [does] not render the petitioner's judgment void."

Hearing, 2015 WL 2128600, at *3 (quoting Christopher A. Williams v. State, No. W2013-00555-CCA-R3-HC, 2013 WL 5493568, at *2 (Tenn. Crim. App. at Jackson, Sept. 30, 2013)). We again conclude that the habeas corpus court correctly determined that the Petitioner's life sentences are not illegal, that the issue has been determined previously, and that the Petitioner is not entitled to habeas corpus relief. See State v. Oscar C. Wells, No. W2016-00170-CCA-R3-CD, 2016 WL 7654948, at *2 (Tenn. Crim. App. at Jackson, Sept. 26, 2016); State v. Jason Martindill, No. W2015-00207-CCA-R3-CD, 2015 WL 6600635, at *3 (Tenn. Crim. App. at Jackson, Oct. 30, 2015), perm. to appeal denied, (Tenn., Mar. 23, 2016); State v. Robert Guerrero, No. M2014-01669-CCA-R3-CD, 2015 WL 2208546, at *2-3 (Tenn. Crim. App. at Nashville, May 11, 2015), perm. to appeal denied, (Tenn., Sept. 17, 2015).

### III. Conclusion

In sum, we conclude that the habeas corpus court did not err by dismissing the petition for habeas corpus relief. Thus, the judgment of the habeas corpus court is affirmed.

_____
NORMA MCGEE OGLE, JUDGE