IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2021 at Knoxville

## TIMOTHY LEE ARMSTRONG v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Trousdale County**
**No. 2020-CV-4872  Michael Wayne Collins, Judge**
_____

### No. M2021-00264-CCA-R3-HC
_____

Petitioner, Timothy Lee Armstrong, appeals from the Trousdale County Circuit Court's dismissal of his fourth petition for writ of habeas corpus.  Petitioner alleges the trial court lacked jurisdiction to convict and to sentence him because the indictment was not filed by the court clerk, that the judgments against him are void because they do not contain a file-stamp date and that the trial court erred by dismissing his petition before he was allowed additional time to file a response to the State's motion to dismiss.  Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

Timothy Armstrong, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Richard Davison Douglas, Senior Assistant Attorney General.[1]

## OPINION

On May 16, 1994, Petitioner pled guilty to one count of first-degree felony murder and one count of aggravated robbery.  Petitioner was sentenced to life in prison for the felony murder conviction to run concurrently with a twenty-two-year sentence for the aggravated robbery conviction.  The judgments indicate that the sentences were imposed on July 1, 1994.

---

[1] Sophia Lee filed the State's Motion to Dismiss Petitioner's petition; however, she did not participate in the appeal.  She is currently employed as a judicial clerk at the Court of Criminal Appeals and has been screened from any access or participation in this appeal.

On February 10, 2016, more than twenty years after entry of his guilty pleas, Petitioner filed his first habeas petition. The trial court summarily dismissed the petition. Petitioner filed an appeal but later voluntarily dismissed the appeal. *Timothy Lee Armstrong v. Ford*, No. W2016-00429-CCA-R3-HC (Tenn. Crim. App., at Jackson, Order filed Apr. 1, 2016). On April 7, 2016, Petitioner filed a second petition for writ of habeas corpus, which the trial court summarily dismissed. This court affirmed the dismissal on appeal. *Timothy Lee Armstrong v. Ford*, No. W2016-00891-CCA-R3-HC, 2017 WL 838667, at *1 (Tenn. Crim. App., at Jackson, Mar. 3, 2017). Petitioner then filed a third petition, which the trial court also summarily dismissed. Petitioner did not appeal.

On November 2, 2020, Petitioner filed the present petition for writ of habeas corpus alleging that the trial court lacked jurisdiction to convict and to sentence him because the indictment was not filed by the court clerk and that the judgments against him are void because they do not contain a file-stamp date. The State filed a motion to dismiss the petition,[2] and the trial court dismissed the petition finding that Petitioner had failed to comply with the procedural requirements of Tennessee Code Annotated section 29-21-197(b)(4), and that alternatively Petitioner had failed to prove that his judgments are void or that his sentence is illegal. The court further found that the trial court had jurisdiction to convict and to sentence Petitioner and that his sentence had not expired.

On January 22, 2021, following the court's dismissal of his petition, Petitioner filed multiple supplemental exhibits to his petition including the first two habeas petitions and orders related to the adjudication of the petitions. Petitioner did not include a copy of his third habeas petition. On January 27, 2021, Petitioner also filed a pleading titled "traverse to the State's motion to dismiss." On February 22, 2021, Petitioner filed this notice of appeal.

On appeal, Petitioner argues that his convictions and sentences are void because the indictments and judgments were not filed in accordance with Tennessee Code Annotated section 40-13-108 and Tennessee Rule of Criminal procedure 32(e)(1). Petitioner further alleges that the trial court abused its discretion by dismissing the petition without holding an evidentiary hearing and without allowing the petitioner time to file a "traverse" to the State's motion to dismiss. The State argues that Petitioner failed to comply with the procedural requirements for filing a habeas petition and that his claims lack merit. We agree with the State.

---

[2] The State's Motion to Dismiss Petitioner's petition and the resulting Order granting the motion were file-stamped twice and duplicated in the record. While it is unclear why this occurred, it has no bearing on this appeal.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds upon which habeas relief may be granted are narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 2000). Relief is available only when "it appears upon the face of the judgment or the record of the proceeding upon which the judgment is rendered" that a convicting court lacked jurisdiction or authority to sentence a petitioner or that a petitioner's sentence of imprisonment or other restraint has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). A habeas petition must challenge void and not merely voidable judgments. *Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment," while a voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 256. Objections to a defective indictment "that go to matters of form rather than substance" must be raised before trial, or the issue will be deemed waived." *Billy L. Grooms v. State*, No. E2014-01228-CCA-R3-HC, 2015 WL 1396474, at *3 (Tenn. Crim. App., at Knoxville, Mar. 25, 2015).

The burden is on the petitioner "to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 1998). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. T.C.A. § 29-21-109; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The procedures governing habeas corpus petitions are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. "These procedural requirements 'are mandatory and must be followed scrupulously.'" *Summers*, 212 S.W.3d at 259 (quoting Archer, 851 S.W.2d at 165). A trial court may summarily dismiss a habeas petition for failing to comply with these statutory requirements. *Id.* at 260. Tennessee Code Annotated section 29-21-107(b)(4) provides that a habeas petition "shall state. . .[t]hat it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure to do so."

In his fourth habeas petition, Petitioner admitted to filing three prior habeas petitions, but he did not attach copies of the prior petitions and proceedings. Petitioner did not supplement his petition with copies of his first and second petitions until after the trial court had summarily dismissed the instant petition. Petitioner never attached a copy of his third petition. Upon review, we agree with the trial court and conclude that Petitioner's habeas petition did not comply with the procedural requirements of the applicable statutes. Therefore, the trial court did not err in dismissing Petitioner's fourth habeas petition.

The trial court also found that that Petitioner had failed to prove that his judgments are void or that his sentence is illegal. The court further found that the trial court had jurisdiction to convict and to sentence Petitioner, and Petitioner's sentence had not expired. We agree. Petitioner's challenge to his indictment goes to the form, rather than the substance. Therefore, Petitioner was required to raise such a challenge to his indictment prior to trial, and because he did not do so, he has waived this claim. Further, as to Petitioner's claim of the deficiency of his judgments, the absence of a file-stamp date from the trial court clerk does not relate to the failure of the trial court to have jurisdiction, nor to the failure of the indictment to charge an offense. This court has repeatedly held that the lack of a file-stamp date does not render a judgment void or warrant habeas relief. *Joseph E. Suggs v. State*, No. M2018-01147-CCA-R3-HC, 2019 WL 2267282, at *3 (Tenn. Crim. App., at Nashville, May 28, 2019); *State v. Curtis Lashun Wren*, No. W2017-01978-CCA-R3-CD, 2018 WL 3480424, at *3 (Tenn. Crim. App., at Jackson, July 19, 2018); *State v. Gary Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *1-2 (Tenn. Crim. App., at Jackson, June 9, 2017). Petitioner's judgments include all of the information required under Rule 32(e).

Finally, Petitioner contends that the trial court erred in dismissing his petition without holding an evidentiary hearing and without allowing Petitioner to respond to the State's motion to dismiss. The trial court has discretion to dismiss a habeas petition without holding an evidentiary hearing if there is nothing on the face of the judgment to indicate that the conviction is illegal. *Summers*, 212 S.W.3d at 261. The trial court found that nothing on the face of the indictments or judgments indicated that Petitioner's convictions and sentences were void; thus "there was no need for Petitioner to have additional time to respond to the State's motion to dismiss." *Michael Anthony Lewis v. Taylor*, No. E2014-02492-CCA-R3-HC, 2014 WL 1920619, at *3 (Tenn. Crim. App., at Knoxville, May 13, 2014). Therefore, the trial court acted within its discretion by dismissing the petition without holding an evidentiary hearing and without allowing Petitioner to respond to the State's motion to dismiss.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JILL BARTEE AYERS, JUDGE

- 4 -